FRANCIS CHILD,
To YOUNG TURNER, Dr.
To sundry items (stated) ............................... $ 94.67 1/2 Your due bill for a wagon ........................... 150 _______________ $244.67 1/2 Cr.
By J. Phillips' note .......................... $ 100.05 Your mother's do .......................... 14 ____________ $ 114.05 Discount for 11 months off ................. 6.27 107.78 __________ Balance due on this account ..................... $ 84.48 1/2
The plaintiff proved that F. Child had bought of Young Turner a wagon of the value charged.
It was then proved by another witness that at the request of Young, the deceased partner, he drew off the above account; *Page 85 
that F. Child was in the room while this was doing, but the account was not presented to him for payment, nor did he declare his approval of it. This witness also stated that Young, in directing him how to state the account, informed him that the amount of the wagon had been settled by the mother of Mr. Child, and directed credits to be given and the account to be stated showing the above balance to be due. On this proof the defendant's counsel insisted that the wagon (134) being the only article proved to have been delivered, and Young having acknowledged payment for that, the plaintiff could not recover.
On the other side it was said that the instructions to the witness and the account stated in pursuance thereof were all one transaction, and the account, though in writing, part of the declarations of Young, that the whole, when offered in evidence, should be submitted to the jury to be adjudged by them; and the defendant was not at liberty to select the particular declaration which served his purpose and offer that to the jury to discharge himself, separated from the written statement then made by which he was charged; and of this opinion was the presiding judge.
The refusal of permission by the court to add the pleas was a subject within its discretion, and cannot be made the ground of appeal. Armstrongv. Wright, 8 N.C. 93.
The evidence relative to the account was properly left to the jury, for it is their province in a court of law to decide what credit is to be attached to the whole or part of any statement, whether oral or written. Dougl., 781.
The general rule is that if a party relies upon an account produced for the purpose of claiming credit, the account must be taken all together; the party may indeed contradict or disprove it, but if he do not, it is evidence to the jury. 5 Taunton, 245.
NOTE. — The Reporters feel that an apology is due from them to the Court and the profession, for presenting the above points with the opinion upon them, detached from the residue of the case. That apology will be found in the following statement.
Long and detailed statements of facts not at all material to illustrate the opinion of the Court, are certainly a fault in a book of reports; to avoid this, the present Reporters rigidly exclude every statement which is not demanded by the points decided in the cause. When the above case was prepared for the press, the Reporters had not seen the opinion of the Chief Justice, and were under the impression that, in consequence of severe indisposition, he had not filed one. The statement was made, therefore, in reference to *Page 86 
(135) the opinions of other judges. After the manuscript was in the hands of the printer, the opinion of the Chief Justice was received and printed, the printer not observing that the whole of the points noticed in it did not appear on the statement. Both the Reporters were absent at the time, and on their return found that the statements could not be amended and reprinted, without requiring that several other sheets succeeding should be also reprinted. They had no other alternative than to reprint the sheets, striking out the latter part of the opinion and preserving it in a distinct statement.